UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

ENGINEERED EQUIPMENT TOOLING, INC. and CP INDUSTRIES, INC.,

Plaintiffs and Counterdefendants,

v.

HEGMAN MACHINE TOOL, INC. and WASINO CORP. USA,

Defendants and Counterclaimants,

and

HEGMAN MACHINE TOOL, INC. and WASINO CORP. USA,

Third-Party Plaintiffs and Third-Party Counterdefendants,

v.

DI-HED YOKES, INC.,

Third-Party Defendant and Third-Party Counterclaimant.

Case No. 00-CV-353 PAM/JGL

**STIPULATION AND ORDER TO PROTECT CONFIDENTIAL INFORMATION**

---

WHEREAS, the discovery in this action will involve the exchange of information, documents, and other materials which the producing party claims to be trade secrets or other confidential research, development, or commercial information as contemplated by Federal Rule of Civil Procedure 26;

WHEREAS, the parties wish to preserve the confidentiality of said information, documents, and other materials; and

FILED SEP 18 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

WHEREAS, counsel for the parties have stipulated to the procedures set forth below.

NOW, THEREFORE, it is hereby stipulated by the parties and ordered by the Court that:

1. All information, documents, and/or materials produced or exchanged in the course of this case shall be used solely for the purposes of the prosecution or defense of this case regardless of whether it is marked "CONFIDENTIAL" and shall not be used for any other purpose.

2. A party, or any third-party witness, may designate, in good faith, information, documents, and/or materials as "CONFIDENTIAL" where that person or entity (the "Designating Person") reasonably believes that the information, documents, and/or materials constitute, reflect, or disclose confidential, competitively sensitive, proprietary, and/or trade secret information which the Designating Person wishes to or is obligated to maintain in confidence.

3. Other than the Designating Person, its employees, and its counsel, information, and/or materials designated as "CONFIDENTIAL" shall be made available only to "QUALIFIED PERSONS" as directed in paragraph 5 herein, unless otherwise ordered.

4. In connection with the production of information, materials, and/or documents by a Designating Person, "CONFIDENTIAL" material shall be indicated by conspicuously marking each page that contains, reflects, or discloses such information,

documents, and/or material. The designation shall take substantially the following form: "CONFIDENTIAL."

The failure to designate information, documents, and/or materials as "CONFIDENTIAL" does not constitute a waiver of such claim, and a party may so designate a document at a later time.

5. With respect to the "CONFIDENTIAL" designation, "QUALIFIED PERSON" as used herein means:

(a) Counsel (including in-house counsel) retained by or on behalf of a party (including the regularly employed secretarial, office, and legal assistant staffs of such counsel).

(b) Any expert or consultant retained by counsel described in paragraph (a) to assist in the prosecution or defense of the claims in this litigation, provided that, except upon further order of the Court, any consultant or expert retained by producing party counsel is not an employee of, or consultant to, any competitor of the producing party or a subsidiary of any such competitor. Such expert or consultant must execute the undertaking, attached as Exhibit A, the original of which shall be preserved and maintained by counsel who retained the expert or consultant.

(c) Any employee or former employee of a party.

(d) The court and its staff and independent court reporters employed by counsel in this action.

(e) Clerical non-parties specifically and solely retained to assist outside counsel in copying, processing, developing, reproducing, and/or replicating information, documents, film, and/or materials on a confidential basis.

6. If a party wishes to disclose any information, documents, and/or materials designated as "CONFIDENTIAL" to any person not described in paragraph 5 of this Order, permission to so disclose must be requested from the Designating Party in writing. If the Designating Party objects to the proposed disclosure, no such disclosure shall be made unless, upon motion by the party requesting such permission, this Court orders otherwise. However, each party may disclose its own CONFIDENTIAL Information without regard to this Order, unless otherwise prohibited under an existing order or duty not to do so.

7. All information, documents, and/or materials designated as "CONFIDENTIAL" pursuant to this Order shall be maintained in a secured room or facility, with all reasonable measures being taken by the party with custody of such information, documents, and/or materials to ensure the confidentiality of the information, documents, and/or materials in accordance with the terms of this Order.

8. In the event of disclosure of information, documents, and/or materials designated "CONFIDENTIAL" to a person not authorized for access to such material under the terms of this Stipulated Protective Order, the party responsible for having made such disclosure, and any party with knowledge of such disclosure shall immediately inform counsel for the party whose "CONFIDENTIAL" information has thus been disclosed of all known relevant information concerning the nature and the circumstances of the disclosure.

The responsible party shall also take all reasonable measures promptly to ensure that no further or greater unauthorized disclosure of the information, documents, and/or materials is made by anyone and each party will cooperate in that effort.

9. In connection with the taking of any deposition in this action:

(a) Counsel for any party may designate on the record during the deposition that information, documents, and/or materials disclosed are to be treated as "CONFIDENTIAL."

(b) Counsel representing the witness shall have thirty (30) days from the date of the delivery of deposition transcript to review the deposition and designate by line and page testimony which counsel wishes to designate as "CONFIDENTIAL."

10. In the event that any "QUALIFIED PERSON" ceases to be engaged in the preparation for trial of this case, access by such person to information, documents, and/or materials designated to be "CONFIDENTIAL" shall be terminated. However, the provisions of this Order shall remain in full force and effect as to all persons who have obtained access to information, documents, and/or materials designated to be "CONFIDENTIAL" hereunder except as may be specifically ordered by the Court.

11. Nothing contained herein shall prevent disclosure beyond the terms of this Order if the Designating Person knowingly consents to such disclosure in writing or on record, or if the Court, after notice to, and opportunity to be heard by, all affected persons, orders such disclosure.

12. No party shall file with the Court any motion, brief, exhibit, or other paper containing or otherwise exhibiting, excerpting, and/or disclosing any information, documents, and/or materials designated as "CONFIDENTIAL" hereunder, unless said motion, brief, or other paper is filed in a sealed envelope or other appropriate sealed containers on which shall be endorsed the caption of this action, an indication of the nature of the contents, the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" and a statement in substantially the following form:

> This envelope contains documents which were filed in this case by [name of party]. Pursuant to the order of the Court, it is not to be opened nor shall its contents be displayed or revealed except by Court order or by stipulation of the parties.

13. At the conclusion of this case, all "CONFIDENTIAL" information, documents, and/or materials supplied by a designating party and all copies thereof (including without limitation all copies provided to testifying or consulting experts) shall be returned to the Designating Person or, in the alternative, destroyed and certified to the Designating Person to have been destroyed. As to those materials which contain "CONFIDENTIAL" information but which constitute counsel's work product, counsel shall destroy such work product and all copies thereof, provided that counsel for each party may retain one complete set of documents filed with the Court and/or served in this action. Conclusion of this case shall mean after all appeal periods have expired and any settlement or judgment herein becomes final.

14. This Order shall not prevent any of the parties from moving this Court for an order that "CONFIDENTIAL" information, documents, and/or materials may be disclosed other than in accordance with this Order. This Order is without prejudice to the right of any party to seek modification from the Court. It shall remain in effect until such time as it is modified, amended or rescinded by the Court.

15. Any Designating Person may at any time remove its "CONFIDENTIAL" designation of any information, documents, and/or materials it has designated as such.

BURSTEIN, HERTOGS & McFARLAND, P.A.

Dated: 9/1-/00, 2000

By ______________________
Fred Burstein (#13511)
Dylan J. McFarland (#12543X)
Steven M. Burstein (#248630)
510 First Ave. N., Ste. 610
Minneapolis, MN 55403
Telephone: (612) 339-6561

ATTORNEYS FOR PLAINTIFFS ENGINEERED EQUIPMENT TOOLING, INC. AND CP INDUSTRIES, INC.

FRUTH & ANTHONY, P.A.

Dated: 9/14/00, 2000

By [signature]

Robert J. Tansey (#108304)
Nathan P. Brenna (#275980)
3750 IDS Center
80 S. Eighth St.
Minneapolis, MN 55402
Telephone: (612) 349-6969

ATTORNEYS for DEFENDANT
HEGMAN MACHINE TOOL, INC.

DORSEY & WHITNEY LLP

Dated: September 14, 2000

By [signature]

Peter W. Carter (#227985)
William E. Dornbos (#029049X)
Pillsbury Center South
220 South Sixth Street
Minneapolis, MN 55402
Telephone: (612) 340-2600

ATTORNEYS for DEFENDANT
WASINO CORP. USA

ROBINS, KAPLAN, MILLER & CIRESI, L.L.P.

Dated: 9/15/00, 2000

By _______________

Elliot S. Kaplan (#53624)
Thomas C. Mahlum (#025391)
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402
Telephone: (612) 349-8500

ATTORNEYS FOR THIRD-PARTY DEFENDANT DI-HED YOKES, INC.

IT IS SO ORDERED.

Dated: Sept. 15, 2000

_______________
Jonathan G. Lebedoff
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
OFFICE OF THE CLERK
300 S. FOURTH ST., SUITE 202
MINNEAPOLIS, MN 55415

# Clerk's Notice In Re: Protective Order

---

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

## *Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.

- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

## *Guidelines for filing with a U.S. District Judge or Magistrate Judge:*

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.