**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**ENGINEERED EQUIPMENT TOOLING, INC.; and CP INDUSTRIES, INC.,**

Plaintiffs,

v.

**HEGMAN MACHINE TOOL, INC.; and WASINO CORPORATION USA,**

Defendants.

Civil File No. 00-353 (PAM/JGL)

**ORDER**

APPEARANCES

Steven M. Burstein, Esq., for Plaintiffs.

Peter W. Carter, Esq., and Nathan P. Brenna, Esq., for Defendants.

JONATHAN LEBEDOFF, United States Magistrate Judge

The above-entitled matter came on for hearing before the undersigned Magistrate Judge of District Court on August 21, 2001 on Defendant Wasino Corporation's Motion to Exclude Testimony of Barney E. Klamecki (Doc. No. 46). The case has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.

Defendant Wasino Corporation ("Wasino") moves to exclude the testimony of Plaintiffs' rebuttal expert, Barney E. Klamecki. The deadline

AUG 23 2001
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

for Plaintiffs to disclose their experts passed on January 15, 2001, without Plaintiffs disclosing any experts. On March 30, 2001, which was Wasino's deadline for disclosing experts, Wasino informed Plaintiffs that it did not intend to call any experts. However, as a "courtesy," Wasino advised Plaintiffs that some of its lay witnesses possessed relevant technical knowledge and "will likely draw on their technical expertise to provide relevant testimony at trial." (Carter Aff. Ex. 3.) In response, Plaintiffs told Wasino it must provide expert disclosures if it intended to have lay witnesses provide expert testimony at trial. Wasino reiterated that the lay witnesses were not experts, despite possessing technical knowledge.

On April 30, 2001, Plaintiffs served an expert report designating Professor Klamccki as a rebuttal expert witness to Wasino's purported lay witnesses. Wasino now claims that Plaintiffs' disclosure of Professor Klamecki was not only untimely but also improper given that Wasino has no experts to rebut. Wasino also contends that Professor Klamecki's opinion is not a rebuttal opinion because it does not refute any specific expert or theory.

The Court first finds that the disclosure of Professor Klamecki's rebuttal report was not untimely. The deadline was April 30, 2001, which Plaintiffs met. The Court is not persuaded by Wasino's argument that Plaintiffs are attempting to circumvent the pretrial schedule by classifying someone who is really an expert as a rebuttal expert. There is no evidence that Plaintiff

intended to avoid the pretrial deadlines, only Wasino's accusation. Rather, the Court is satisfied that Plaintiffs intend to use Professor Klamecki only to rebut any expert testimony that Wasino's witnesses might give.

The next question is whether Professor Klamecki's report can be considered a rebuttal report, given that Wasino did not technically disclose any experts. The Court cannot fault Plaintiffs' preparedness upon being advised that Wasino planned to offer testimony from witnesses who possess "technical expertise" and "specialized knowledge." Those terms are specifically included in Federal Rule of Evidence 702 to describe expert testimony. Rule 701, which governs opinion testimony by lay witnesses, explicitly provides that lay testimony must not be "based on scientific, technical, or other specialized knowledge." Fed. R. Evid. 701(c). The advisory committee's note to Rule 701 acknowledges that it is possible for a lay witness to give both lay and expert testimony in a single case. See Fed. R. Evid. 701 advisory committee's note (2000) (noting the expert portion of the testimony is subject to disclosure requirements). Furthermore, the committee recognizes that a party might attempt to evade the expert disclosure requirements by "simply calling an expert witness in the guise of a layperson." Id. Thus, Plaintiffs were justifiably cautious upon being informed that Wasino planned to call lay witnesses with specialized knowledge and technical expertise.

With that said, Professor Klamecki's testimony could be considered rebuttal evidence if Wasino's witnesses give expert testimony at trial. Without knowing precisely the substance of the witnesses' testimony, however, it is not possible to determine the propriety of Professor Klamecki as a rebuttal expert. Thus, the Court declines to exclude the rebuttal expert report at this time and does not offer an opinion as to the admissibility of Professor Klamecki's testimony. Admissibility is a matter for the trial court. See Hose v. Chicago Northwestern Transp. Co., 70 F.3d 968, 973 & n.3 (8th Cir. 1995) (mentioning that the trial court is the proper court in which to bring a motion to exclude testimony from a trial witness). In this case, whether the rebuttal expert's testimony should be excluded would seem to depend on whether Wasino's lay witnesses actually give expert testimony. Without knowing the answer to the latter question, the Court cannot decide the former. Defendant Wasino's motion to exclude the testimony of Professor Klamecki is therefore denied without prejudice.

With respect to Wasino's contention that Professor Klamecki's opinion is not a rebuttal opinion because it does not refute any specific expert or theory, the Court need not address the merits of this argument. If Professor Klamecki is not permitted to testify because Wasino's witnesses do not give expert testimony, the issue is moot. If Professor Klamecki is permitted to testify because the Wasino lay witnesses were actually expert witnesses in the

guise of laypeople, any lack of specificity in Professor Klamecki's report would be due to Wasino's own failure to properly disclose its experts.

Finally, in the event that the Court denies Wasino's motion, which it has, Wasino asks the Court to permit it to name a rebuttal expert to Plaintiffs' rebuttal expert. This request is denied in accordance with the Court's previous rationale. If Professor Klamecki is not permitted to testify, the issue is moot. If Professor Klamecki is permitted to testify because the Wasino lay witnesses were actually expert witnesses, Wasino should not be rewarded for its evasion of the expert witness disclosure rules.

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Wasino Corporation's Motion to Exclude Testimony of Barney E. Klamecki (Doc. No. 46) is **DENIED WITHOUT PREJUDICE**.

Dated: August 23, 2001

JONATHAN LEBEDOFF
United States Magistrate Judge

# Please forward this announcement to the recipient of this fax.

---

# The United States District Court, District of Minnesota announces two new programs!

**Expedited Trials** –The Court will begin offering parties an opportunity to participate in a program called Expedited Trials beginning July 2, 2001. This voluntary program offers an alternative to traditional case processing by allowing for a shorter time period from filing to disposition. Discovery and motion practice will be sharply limited as a means to reduce time and expense. Procedural rules are on the Court's website at www.mnd.uscourts.gov. If you would like additional information about the Expedited Trials Program, contact one of our clerk's offices at the phone numbers listed below.

**Courtroom Technology – Phase II** – In June 2001, the District of Minnesota began upgrading, installing, and enhancing the technology available to counsel in the courtroom. The project will continue through early fall and will ultimately upgrade all Article III Judge courtrooms in St. Paul and Minneapolis. To assist counsel with this transition, the District Court is offering a hands-on class, worth one hour of CLE credit at both courthouses. Classes will be held over the lunch hour. Course registration can be done by visiting www.mnd.uscourts.gov or by calling Kristine at 612-664-5125.

## For additional information on either program please visit our website at www.mnd.uscourts.gov.

700 Federal Building
316 North Robert Street
St. Paul, MN 55101
(651) 848-1100

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5000

417 U. S. Courthouse
515 West First Street
Duluth, MN 55802
(218) 529-3500